**Lewis Brisbois Bisgaard & Smith LLP**
John M. Porter, SBN 62427
  E-Mail: porter@lbbslaw.com
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: (909) 387-1130
Facsimile: (909) 387-1138

**Arias & Lockwood**
Christopher D. Lockwood, SBN 110853
  Email: Christopher.Lockwood@AriasLockwood.Com
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408
Phone: (909) 890-0125
Fax: (909) 890-0185

Attorneys for Defendants County of Riverside, Robert Holt, B. Adams, Kimberly S. Carillo-Zazueta (named as Kimberly S. Zazueta), William Lineses, D. Flores, and F. Munguia

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LOUIE AGUILAR, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE ET AL,<br><br>    Defendants. | CASE NO. EDCV 13-00564-VBF (AGR)<br><br>~~(PROPOSED)~~ PROTECTIVE ORDER |

~~Under California law, Penal Code § 832.7, Evidence Code § 1043-1047, California Constitution, article I, § 1 provide a privilege for personnel files and other files concerning law enforcement officers. Federal law recognizes state law privileges to the extent not inconsistent with federal law. FRE 501. Under federal law, these documents and information obtained from them are discoverable only if relevant to the issues to be litigated and only with a tightly drawn protective order. Doe v. City of San Diego, 2013 U.S. Dist. Lexis 35048 (S.D.Cal. 2013).~~

In order to protect the confidentiality of documents and information while still allowing necessary discovery, the court orders as follows:

1

1. Defendants may designate specific documents or specific types of information as confidential. Any document and information so designated shall be subject to the terms of this Protective Order. The documents so designated shall be limited to documents which are covered by California Evidence Code § 1043-1047 and/or California Penal Code § 832.7, and/or California Constitution, Article I, § 1.

2. Absent a further stipulation or court order, any documents and information designated as confidential shall not be conveyed, transferred, published, distributed, copied, duplicated or disseminated except as follows:

(a) To Plaintiff.

(b) To attorneys licensed to practice in the State of California and to recognized expert witnesses in law enforcement use of force cases, and their staff.

3. Prior to the dissemination of any such documents or information pursuant to this Protective Order, Plaintiff shall inform such person of the terms and conditions of this Protective Order and secure such person's agreement in writing to be bound by it.

4. Plaintiff is allowed to view documents subject to this protective order under the supervision of custody staff, but is not allowed to keep the documents in his cell. Plaintiff is expressly prohibited from showing the documents to any other inmate and is expressly prohibited from discussing the contents of the documents with any other inmate, *except for inmates who are identified in the documents produced by Defendants*



5. Plaintiff is precluded from using the documents or information obtained from the documents except for the purposes of litigating the present lawsuit.

6. At the conclusion of this lawsuit, any documents provided pursuant to this Protective Order shall be returned to counsel for Defendants.

7. Any document that has been designated as confidential pursuant to this Protective Order shall be filed with the Court only with an application under Local Civil Rule 79-5.1 to file it under seal, unless there has been a prior stipulation or order designating the document as non-confidential. Any information obtained

1  from documents that have been designated as confidential pursuant to this
2  Protective Order shall be filed with the Court only with an application under Local
3  Civil Rule 79-5.1 to file it under seal, unless there has been a prior stipulation or
4  order designating the document as non-confidential.
5      8. The parties may stipulate that any document which was initially designated
6  as confidential and subject to this Protective Order is not confidential and not
7  subject to this Protective Order. If a stipulation cannot be reached, Plaintiff may
8  apply to the Court ~~in compliance with the requirements in Local Civil Rule 37~~ for
9  an order that a document which was designated as confidential and subject to this
10 Protective Order is not confidential and not subject to this Protective Order. Any
11 such application to the Court must be filed with an application under Local Civil
12 Rule 79-5.1 to file under seal any document or item of information designated as
13 confidential, with the contents not disclosed publicly, unless and until the Court
14 rules that the document is not subject to the Protective Order.
15     9. If Defendants believe that the provisions of this Protective Order have
16 been violated, Defendants may apply to the Court for an order seeking monetary
17 sanctions, evidence sanctions, or other appropriate relief.
18     10. This Protective Order shall survive the final termination of this action, to
19 the extent that the documents and information disclosed remain confidential and do
20 not become known to the public, and the Court shall retain jurisdiction to assess
21 monetary sanctions or other relief and to resolve any dispute concerning the use of
22 the documents and information disclosed pursuant to this Protective Order.
23 DATED: February 26, 2016

*[Signature: Alicia G. Rosenberg]*
United States Magistrate Judge